UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MD FIROZ SHAH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ALAQSA SUPERMARKET INC. d/b/a ALAQSA HALAL MEAT SUPERMARKET, IBRAHIM DOE, and MOHAMMAD S. HOQUE,<br><br>Defendants. | **FLSA COLLECTIVE AND RULE 23 CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MD Firoz Shah ("Plaintiff" or "Firoz"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendants Alaqsa Supermarket Inc. d/b/a Alaqsa Halal Meat Supermarket ("Alaqsa Supermarket"), Ibrahim Doe and Mohammad S. Hoque (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

1. Throughout his employment at Alaqsa Supermarket, Firoz, along with other similarly situated supermarket workers, regularly worked up to seventy-two hours per workweek. They were paid weekly salaries that fell below the statutory minimum wage and were not compensated at the required overtime rate for hours worked in excess of forty per week. Defendants further failed to provide Firoz and similarly situated supermarket workers with: (1) spread-of-hours pay when they worked shifts spanning over ten hours; (2) wage notices at their time of hiring and when their wage rates changed; and (3) accurate wage statements with each payment of wages.

2. Firoz brings this action on behalf of himself and all similarly situated non-exempt supermarket workers (the "Supermarket Workers") seeking declaratory and

injunctive relief and to recover unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Firoz's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Firoz's claims occurred at Alaqsa Supermarket, located and operated by Defendants in the Southern District of New York.

## THE PARTIES

**Plaintiff MD Firoz Shah**

5. MD Firoz Shah resides in Bronx County, New York.

6. Defendants employed Firoz as a butcher from approximately 2015 through December 23, 2024.

**Defendant Alaqsa Supermarket Inc.**

7. Defendant Alaqsa Supermarket Inc. is a New York corporation that owns, operates, and does business as Alaqsa Halal Meat Supermarket, a supermarket located at 2109 Starling Avenue, Bronx, NY 10462.

8. Upon information and belief, Alaqsa Supermarket Inc. also owns and operates Al-Aqsa Supermarket Hillside Jamaica, located at 148-11 Hillside Avenue, Briarwood, NY 11435; Zerega Bazar – Al Aqsa Halal Meat 3, located at 2409 Westchester

Avenue, Bronx, New York 10461; Al-Aqsa Meat Market & Grocery located at 7424 Bergenline Avenue #1, North Bergen, New Jersey 07047; and Al Aqsa Supermarket LLC located at 1378 Main Avenue, Clifton, New Jersey 07011.

9. Alaqsa Supermarket is an "enterprise engaged in commerce" within the meaning of the FLSA.

10. Throughout Firoz's employment, Alaqsa Supermarket had employees, including Firoz, engaged in commerce or the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. In the three years preceding the filing of this Complaint, Alaqsa Supermarket has had an annual gross volume of sales in excess of $500,000.

12. Throughout Firoz's employment, Alaqsa Supermarket employed approximately 60 employees.

13. Defendant Alaqsa Supermarket employed Firoz within the meaning of the FLSA and the NYLL.

**Ibrahim Doe**

14. Upon information and belief, Defendant Ibrahim Doe is an owner and principal of Alaqsa Supermarket Inc.

15. At all relevant times, Doe exercised power and authority over personnel decisions at Alaqsa Supermarket Inc., including the authority to hire and fire employees, discipline employees, set employee schedules, set employee wage rates, retain time and wage records, and otherwise control the terms and conditions of Plaintiff's employment.

16. Doe held meetings in which he discussed inventory, schedules and other topics related to the daily functions of Alaqsa Supermarket.

17. Together with Hoque, Doe determined Firoz's and other Supermarket Workers' rate of compensation.

18. Together with Hoque, Doe created and modified Firoz's work schedules.

19. Doe was regularly present at Alaqsa Supermarket.

20. Doe regularly directed Firoz's work duties, including having him stock the supermarket with product from the downstairs basement.

21. Doe exercised sufficient control over Alaqsa Supermarket Inc.'s operations and Plaintiff's employment to be considered Plaintiff's employer within the meaning of the Fair Labor Standards Act and the New York Labor Law.

**Mohammad S. Hoque**

22. Upon information and belief, Defendant Hoque is an owner and principal of Alaqsa Supermarket Inc.

23. At all relevant times, Hoque exercised power and authority over personnel decisions at Alaqsa Supermarket Inc., including the authority to hire and fire employees, discipline employees, set employee schedules, set employee wage rates, retain time and wage records, and otherwise control the terms and conditions of Plaintiff's employment.

24. Hoque interviewed and hired Firoz.

25. Together with Doe, Hoque determined Firoz's wage rates paid.

26. Together with Doe, Hoque created and modified Firoz's work schedules.

27. Hoque exercised this authority personally and through managers and supervisors at Alaqsa Supermarket Inc.

28. Hoque exercised sufficient control over Alaqsa Supermarket Inc.'s operations and Plaintiff's employment to be considered Plaintiff's employer within the meaning of the Fair Labor Standards Act and the New York Labor Law.

## FACTUAL ALLEGATIONS

29. Throughout his employment, Firoz's duties included cutting, preparing, and packaging meat products; restocking items; unloading deliveries; cleaning and maintaining butcher areas; and assisting customers.

30. Plaintiff and the Supermarket Workers regularly worked over forty hours per workweek.

31. From approximately 2015 through 2022, Plaintiff regularly worked six (6) days per week, from approximately 2:00 p.m. to 2:00 a.m., with Wednesday off, totaling approximately seventy-two (72) hours per workweek.

32. From approximately 2023 through December 23, 2024, Plaintiff regularly worked six (6) days per week, from approximately 4:00 p.m. to 2:00 a.m., with Monday off, totaling approximately sixty (60) hours per workweek.

33. Firoz and the Supermarket Workers received an unpaid meal break of approximately twenty (20) minutes per shift.

34. Throughout his employment, Defendants paid Firoz and other Supermarket Workers on a weekly salary basis, regardless of the number of hours they actually worked per workweek.

35. From approximately January 2019 through December 2019, Defendants paid Plaintiff a weekly salary of approximately $600.00.

36. From approximately January 2020 through December 2020, Defendants paid Plaintiff a weekly salary of approximately $650.00.

37. From approximately January 2021 through December 2021, Defendants paid Plaintiff a weekly salary of approximately $700.00.

38. From approximately January 2022 through December 2022, Defendants paid Plaintiff a weekly salary of approximately $800.00.

39. From approximately January 2023 through December 2023, Defendants paid Plaintiff a weekly salary of approximately $850.00.

40. From approximately January 2024 through the end of his employment, Defendants paid Plaintiff a weekly salary of approximately $950.00.

41. The Supermarket Workers were paid similar weekly rates.

42. Firoz's and the Supermarket Workers' regular hourly wage rates fell below the statutory minimum wage rates established for large employers in New York City.

43. Defendants failed to pay Firoz and the Supermarket Workers overtime wages for hours worked over forty per workweek.

44. Firoz and the Supermarket Workers regularly worked over ten hours in one workday.

45. Defendants failed to pay Firoz, and the Supermarket Workers spread-of-hours pay, an additional hour's pay at the basic minimum wage rate, on days when they worked shifts spanning in excess of ten hours.

46. Defendants did not provide Firoz and the Supermarket Workers with a wage notice at their time of hire or when their rates of pay changed.

47. Defendants paid Firoz and the Supermarket Workers' wages on a weekly basis by cash.

48. Defendants did not provide Firoz and the Supermarket Workers with accurate wage statements accompanying each payment of wages.

49. Defendants intentionally failed to provide wage notices and statements to Firoz and the Supermarket Workers in violation of the WTPA to conceal the precise number of regular and overtime hours that Firoz and the Supermarket Workers worked and the statutory minimum and overtime wages rates to which they were entitled.

50. Defendants further concealed their practice of wage underpayments by failing to provide Firoz and the Supermarket Workers with required wage notices under the WTPA at their time of hire, which would have permitted Firoz and the Supermarket Workers the to understand and advocate for their rights to statutory minimum and overtime wages.

51. Defendants' WTPA violations led to and formed part of Defendants' scheme to deprive Firoz and the Supermarket Workers of their minimum and overtime wages due as alleged in this Complaint.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings this action on behalf of himself and all similarly situated Supermarket Workers (including non-exempt butchers, stockers, and cashiers) who have worked for Defendants within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

53. The FLSA Collective consists of approximately one hundred and fifty workers who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying the FLSA Collective overtime pay.

54. Plaintiff and the FLSA Collective have worked over forty hours per workweek, have performed virtually the same duties, were paid on an fixed weekly or daily basis, and have been subjected to the Defendants' common unlawful pay policies and practices depriving them of overtime pay at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

55. Defendants intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in patterns, practices, and policies violating the FLSA, including

but not limited to: (1) failing to pay the FLSA Collective overtime wages for hours worked over forty per workweek; and (2) failing to keep full and accurate records of all hours worked by the FLSA Collective, as required by the FLSA.

56. Defendants engaged in this unlawful conduct pursuant to corporate policies of minimizing labor costs and denying employees their compensation.

57. Defendants are aware or should have been aware that the FLSA required them to pay the employees an overtime premium for hours worked in excess of forty per workweek.

58. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

59. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated employees can be readily identified and located through Defendants' records. The similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

60. Plaintiff brings the claims in this Complaint arising out Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated Supermarket Workers (including non-exempt butchers, stockers, and cashiers) who work or have worked for Defendants in the six years prior to the commencement of this Action (the "Rule 23 Class").

61. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

62. The size of the Rule 23 Class is at least three hundred individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants.

63. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

64. Common questions of law and fact exist as to the Class that predominate over questions affecting them individually including, *inter alia*, the following:

a. Whether Defendants violated the NYLL and supporting regulations with respect to compensation of the Rule 23 Class as alleged herein;

b. Whether Defendants maintained accurate records of hours worked and pay received by the Rule 23 Class as required by the NYLL;

c. Whether Defendants failed to pay minimum wages to the Rule 23 Class for all hours worked up to forty per workweek, as required by the NYLL;

d. Whether Defendants failed to pay overtime wages to the Rule 23 Class for hours worked in excess of forty per workweek, as required by the NYLL;

e. Whether Defendants failed to pay spread-of-hours pay to the Rule 23 Class per day worked that was longer than ten hours, as required by the NYLL;

f. Whether Defendants failed to provide Plaintiff and the Rule 23 Class with wage notices and accurate wage statements as required by the NYLL and WTPA; and

g. Whether Plaintiff and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

65. Plaintiff's claims are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable statutory period. They enjoy the same statutory rights under the NYLL to be paid at the statutory minimum wage rate for hours

up to forty and overtime rate for all hours worked over forty in a workweek. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failures to comply with the NYLL.

66. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated.

67. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

68. Plaintiff has retained legal counsel competent and experienced in wage and hour and class action litigation.

69. There is no conflict between Plaintiff and the Rule 23 Class members.

70. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Rule 23 Class members lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

71. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime Wages)**

72. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

73. Defendants are employers within the meaning of 29 U.S.C. § 203(d) and 207(a) and employed Plaintiff and the FLSA Collective.

*74.* Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly wage rates for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq.*

75. Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

76. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective the proper overtime wage rate.

77. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

78. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**SECOND CLAIM**
**(NYLL – Unpaid Minimum Wages)**

79. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

80. Defendants are employers within the meaning of NYLL §§ 190(3), 651(6), and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff and the Rule 23 Class.

81. Defendants employed eleven or more employees, making them "large employers," both individually and collectively, under 12 N.Y.C.R.R. § 142–2.1(a)(1)(i).

82. The NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.1, require employers to pay employees at least the minimum wage for each hour work up to forty per workweek.

83. Defendants willfully violated the NYLL by failing to pay Plaintiff and the Rule 23 Class minimum wages.

84. As a result of Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**THIRD CLAIM**
**(NYLL – Unpaid Overtime Wages)**

85. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

86. Under the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.2, Defendants were required to pay Plaintiff and the Rule 23 Class one and one-half (1 ½) times their regular rates of pay for all hours worked over forty per workweek.

87. Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL and its supporting regulations.

88. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

89. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FOURTH CLAIM**
**(NYLL – Unpaid Spread-of-Hours Pay)**

90. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

91. Defendants willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 142-2.4.

92. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid spread-of-hours pay, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FIFTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notices)**

93. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

94. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

95. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff and the Rule 23 Class at the time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

96. As a result of Defendants' violations of NYLL § 195(1), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

**SIXTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Statements)**

97. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

98. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

99. Defendants failed to provide Plaintiff and the Rule 23 Class with a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

100. As a result of Defendants' violations of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective and the Rule 23 Class, respectfully requests that this Court:

a. certify this case as a collective action on behalf of the FLSA Collective described herein and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all prospective members of the FLSA Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. certify this case as a class action pursuant to Rule 23 for the Rule 23 Class described herein, certify Plaintiff as the representative, and designate Plaintiff's counsel as Class Counsel;

c. declare that Defendants have violated the minimum wage provisions of the NYLL and supporting regulations;

d. declare that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and supporting regulations;

e. declare that Defendants have violated the spread-of-hours provision of the NYLL and supporting regulations;

f. declare that Defendants have violated the wage notice and wage statement provisions of the NYLL's WTPA;

g. declare that Defendants' violations of the FLSA and NYLL were willful;

h. enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

i. award Plaintiff and the Rule 23 Class damages for unpaid minimum wages;

j. award Plaintiff, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages;

k. award Plaintiff and the Rule 23 Class damages for unpaid spread-of-hours pay;

l. award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and NYLL;

m. award Plaintiff and the Rule 23 Class damages as a result of Defendants failure to furnish wage notices and wage statements pursuant to the NYLL's WTPA;

n. award Plaintiff, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest under the NYLL;

o. award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and NYLL; and

p. award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
February 26, 2026

PECHMAN LAW GROUP PLLC

By: ______________________
Camille A. Sanchez
Louis Pechman
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
sanchez@pechmanlaw.com
*Attorneys for Plaintiff, the Putative FLSA Collective, and the Putative Rule 23 Class*